**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| K.C.R., a minor child, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　　　Defendants. | Case No. CV 13-3806 PSG (SSx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANT COUNTY OF LOS ANGELES'S RESPONSES TO AMENDED REQUESTS FOR ADMISSION (Dkt. No. 80)** |

**I.**

**INTRODUCTION**

On June 20, 2014, Plaintiffs filed a document captioned "Motion to Determine the Sufficiency of Objections to Plaintiffs' FRCP R. 36 Amended Requests for Admission to Defendant County of Los Angeles," which the Court construes as a motion to compel further responses by the County to Plaintiff's amended RFAs. ("MTC" or the "Motion," Dkt. No. 80). The Parties filed a Joint Stipulation in connection with the Motion in compliance with Local Rule 37-2 ("Jt. Stip.," Dkt. No. 80.1), as well as the

Declaration of Nathan Oyster in opposition to the Motion. ("Oyster Decl.," Dkt. No. 80.2). On July 8, 2014, the Court held a hearing. For the reasons stated below and on the record at the hearing, Plaintiffs' Motion to Determine the Sufficiency of Defendant County of Los Angeles' Responses to Plaintiffs' Amended Requests for Admission, construed as a motion to compel further responses, is GRANTED IN PART AND DENIED IN PART. The County shall serve supplemental responses admitting or denying RFA Nos. 3, 4 and 11, with qualifications only if necessary in good faith, within ten (10) days of the date of this Order. Plaintiffs' motion to compel supplemental responses to all of the other RFAs at issue is DENIED.

**II.**

**BACKGROUND FACTS**

On June 21, 2012, after a 911 call reported an attack on a teenage girl, Los Angeles County Sheriff's Department ("LASD") Deputy Norma Silva, who responded to the scene, shot and killed Kenneth Rivera as he was walking toward her patrol car. (Consolidated First Amended Complaint ("FAC"), Dkt. No. 60 at 7). Rivera's children and father subsequently brought the instant action for excessive force and wrongful death against the County of Los Angeles, and, in their individual capacity, Deputy Silva and former LASD Undersheriff Paul Tanaka. (Id. at 3). Plaintiffs contend that Tanaka wrongfully "encouraged deputies to use excessive or unreasonable force" and "threatened retaliatory investigations and discipline against captains and supervisors

who attempted to investigate deputy misconduct." (Id. at 18). In particular, Plaintiffs allege that Tanaka gave a speech at Century Station, where Silva would later be based, in which he encouraged deputies to "'function right to the edge of the line' and be very aggressive in using force against citizens." (Id. at 14). According to Plaintiffs, the RFAs served on the County seek, in large part, "admissions of fact which are at the core of this case establishing the personal acts of Tanaka . . . in fomenting a culture of acceptance of excessive use of force, a code of silence covering up excessive force and lack of restraint in using force . . . ." (Jt. Stip. at 2).

### III.

### STANDARDS

**A.   Scope Of Permissible Discovery**

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things." Fed. R. Civ. P. 26(b)(1). Relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (internal quotations omitted). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be

3

1  relevant to the broader subject matter at hand and meet the
2  rule's good cause standard. Sanyo Laser Prods. Inc. v. Arista
3  Records, Inc., 214 F.R.D. 496, 502 (S.D. Ind. 2003); see also
4  E.E.O.C. v. Jewel Food Stores, Inc., 231 F.R.D. 343, 349-50 (N.D.
5  Ill. 2005) ("[T]he concept of relevance is different for purposes
6  of discovery than for admissibility at trial . . . .").
7
8      However, the right to discovery, even plainly relevant
9  discovery, is not limitless. "A court can limit discovery if it
10 determines, among other things, that the discovery is:
11 (1) unreasonably cumulative or duplicative; (2) obtainable from
12 another source that is more convenient, less burdensome, or less
13 expensive; or (3) the burden or expense of the proposed discovery
14 outweighs its likely benefit." Favale v. Roman Catholic Diocese
15 of Bridgeport, 235 F.R.D. 553, 558 (D. Conn. 2006) (internal
16 quotation marks omitted). "The district court enjoys broad
17 discretion when resolving discovery disputes, which should be
18 exercised by determining the relevance of discovery requests,
19 assessing oppressiveness, and weighing these factors in deciding
20 whether discovery should be compelled." Id. (internal quotation
21 marks omitted). The party resisting discovery bears the burden
22 of demonstrating that its objections should be sustained. Id.
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

**B.   Requests For Admission**

Federal Rule of Civil Procedure 36(a) provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). Unlike interrogatories, document production requests, and depositions, requests for admission "are not a discovery device at all, 'since [they] presuppose[] that the party proceeding under [Rule 36] knows the facts or has the document and merely wishes its opponent to concede their genuineness.'" Pasternak v. Dow Kim, 2011 WL 4552389 at *5 (S.D.N.Y. Sept. 28, 2011) (quoting 8B Wright, Miller, & Marcus, Federal Practice and Procedure § 2253 at 324); see also Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("Requests for admissions are not principally discovery devices . . . and they are not to be treated as substitutes for discovery processes to uncover evidence . . . .") (internal citation and quotation marks omitted). Instead, the purpose of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree. Id. at 443; see also Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a)

5

is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."); Fed. R. Civ. P. 36 advisory committee notes (1970 Amendment) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."); Berry v. Federated Mut. Ins. Co., 110 F.R.D. 441, 443 (N.D. Ind. 1986) (Rule 36 is an appropriate tool for establishing before trial the genuineness and authenticity of anticipated exhibits).

The Rule provides that the matter is deemed admitted unless the responding party serves a written answer or objection within thirty days of service of the request. Fed. R. Civ. P. 36(a)(3). If the matter is not admitted, the answer must specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. Id. at 36(a)(4). Because requests for admission also clarify which issues are "genuinely contested," where issues in dispute "are requested to be admitted, a denial is a perfectly reasonable response." United Coal Companies v. Powell Const. Co., 839 F.2d 958, 967 (3rd Cir. 1988). However, "[i]f the party requesting the admission later proves the genuineness of the document or the truth of the matter requested, the court may order the party that denied the request to pay the costs of her opponent in making that proof." Ballard, Spahr, Andrews & Ingersoll, LLP, 243 F.R.D. 1, 7 (D. D.C. 2007) (citing Fed. R. Civ. P. 37(c)(2)). If

6

an objection is made in lieu of an admission or denial, the responding party must state the reasons for the objection. Fed. R. Civ. P. 36(a)(5). If the court finds that a party has not provided a proper objection, the court may either find the matter admitted or order that an amended answer be served. Id. 36(a)(6).

Where requests for admission do not narrow the range of issues for trial but are "'unreasonably cumulative' and 'duplicative' of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a)" and are properly subject to objection. Caruso v. Coleman Co., 1995 WL 347003 at *2 (E.D. Pa. June 07, 1995). For example, "[a] request for admission as to whether or not a particular witness testified to certain information at a deposition is duplicative of the deposition itself" and may properly be objected to on that ground. Id.; see also Van Wagenen v. Consolidated Rail Corp., 170 F.R.D. 86, 87 (N.D. N.Y. 1997) (requests for admission that "simply restate sentences" from a previously authenticated document are "unreasonably duplicative and cumulative"); Workman v. Chinchinian, 807 F. Supp. 634, 648 (E.D. Wash. 1992) (requests for admission asking party to admit that a letter contained certain statements improper where the party had already admitted the authenticity of the letter and "the only purpose served by the admission would be to bolster the effect of the letter in attacking [the letter writer's] credibility"); Rios v. Tilton, 2010 WL 3784703 at *7 (E.D. Cal. Sept. 24, 2010) (requests for admission asking party to admit "authenticity of quoted portions"

1  of California Code and Department Operations Manual
2  "impermissible in scope and unduly burdensome. In addition,
3  "requests for admission should not be used to establish 'facts
4  which are obviously in dispute,' Lakehead Pipe Line Co. v.
5  American Home Assur. Co., 177 F.R.D. 454, 458 (D. Minn. 1997), to
6  'demand that the other party admit the truth of a legal
7  conclusion,' even if the conclusion is 'attached to operative
8  facts,' or to ask the party to admit facts of which he or she has
9  no special knowledge." Tuvalu v. Woodford, 2006 WL 3201096 at *7
10 (E.D. Cal. Nov. 2, 2006) (quoting Disability Rights Council v.
11 Wash. Metro. Area, 234 F.R.D. 1, 3 (D.C. Cir. 2006)).

### IV.

### DISCUSSION

Plaintiffs served seventy-four Amended Requests for Admission on the County. The County "agreed to provide responses" to RFAs 1, 2, 17-18 and 35, but objected to all the remaining Requests on various grounds.[1] (Jt. Stip. at 9). Plaintiffs seek to compel further responses to all of the RFAs to which the County objected.

---

[1] The parties did not attach to the Joint Stipulation a full set of the Amended Requests served on the County or a full set of the County's responses. Therefore, it is unclear on the present record before the Court what RFAs 1, 2, 17-18 and 35, which are not in dispute, asked the County to admit. It is also unclear whether the County merely "agreed" to respond to those Requests, or actually did respond, and if so, whether the responses were admissions or denials. However, the County clarified at the hearing that it has admitted the genuineness of all of the documents mentioned in Plaintiffs' Amended Requests.

Plaintiffs' Amended RFAs can be divided into three distinct categories. The vast majority of the disputed RFAs -- indeed, all but three -- ask the County to admit that a particular document contains the specific sentence or passage quoted in the RFA.[2] (See generally Jt. Stip. at 18-108). Two of the remaining disputed RFAs ask the County to admit that a particular report is an "official" and "public" document. (See id., RFA Nos. 3 & 4, at 16-18). The final disputed RFA asks the County to admit that it "knew or should have known" about a particular report's "findings," which the RFA generically describes without directly quoting. (See id., RFA No. 11, at 26).

The County objects to the RFAs seeking authentication of a quoted sentence or passage on two grounds. First, the County argues that because it "previously agreed to respond to the authenticity" of the documents from which the excerpts were taken, the requests are "duplicative and unnecessary." (See,

---

[2] The parties did not describe any of the documents at issue in the Amended Requests in the Joint Stipulation, but did so in prior filings. The documents quoted in the Amended Requests are: the Final Report of the County of Los Angeles Citizens' Commission on Jail Violence ("CCJV") dated September 28, 2012 (the "Final Report"); the 2011 LASD Police Assessment Resource Center Report #30 by the County's Special Counsel (the "PARC Report"); and a letter written by Special Counsel to Sheriff Lee Baca dated September 20, 2011 summarizing PARC Report #30 (the "September 21, 2011 Bobb to Baca letter"). (See Dkt. No. 67, Exh. D at 81; see also Jt. Stip., RFA Nos. 5-10, 12-16, 19-34 (excerpts of the Final Report); id., RFA Nos. 36-39, 43-57, 62-67, 72-74 (excerpts of the PARC Report); and id., RFA Nos. 40-42, 58-61, 68-71 (excerpts of the September 21, 2011 Bobb to Baca letter)). In addition, the Amended Requests refer to, but do not quote, a report entitled "The Los Angeles County Sheriff's Department, A Report by Special Counsel James G. Kolts & Staff July 1992" (the "Kolts Report"). (See Dkt. No. 67, Exh. D at 81; see also Jt. Stip., RFA No. 11).

9

e.g., id. at 19). Second, the County contends that such requests are "misleading and deceptive" because any response admitting what a given document says is likely to be used by Plaintiffs to establish the County's knowledge of the document's contents and the truth of the underlying statements. (Id.). The County objects to the two RFAs seeking an admission that a particular report is an "official" or "public" document on the grounds that those terms, which apparently were not defined in the Requests, are "vague and ambiguous." (Id. at 16-18). Finally, the County objects to the Request seeking an admission that the County "knew or should have known" of a particular report's "findings" on the grounds that it is "duplicative and unnecessary" in light of the County's agreement "to respond to the authenticity of the report," and "misleading and deceptive" because any response will be used to argue the County's knowledge and truth of the underlying statements. (Id. at 27).

The Court agrees with the County that the Requests asking the County to admit that a report or letter includes a particular quoted passage are improper. Rule 36(a) specifically provides that a party may serve a written request on another party to admit "the genuineness of any described documents," not sentences or passages of documents. Fed. R. Civ. P. 36(a)(1)(B). Once a document is authenticated, all of its contents are necessarily authenticated, and the purpose of Rule 36(a) of narrowing the "range of issues" for trial is furthered. See Asea, 669 F.2d at 1245. Fragmentation of a document's "authenticity" in line-by-line requests for admission does not further the same goal

10

because it leaves the passages between the quoted excerpts unauthenticated. Furthermore, when, as here, the responding party has already authenticated the entire document, or agreed to authenticate a document, such requests are duplicative and burdensome. The Court concurs with the weight of authority holding that requests for admission that do no more than ask a party to admit that a document or deponent stated a quoted sentence are objectionable on these grounds. See Caruso, 1995 WL 347003 at *2; Van Wagenen, 170 F.R.D. at 87; Workman, 807 F. Supp. at 648; Rios, 2010 WL 3784703 at *7; Manago v. Williams, 2010 WL 5059684 at *4 (E.D. Cal. Dec. 6, 2010) (defendants "should not be required to engage in [the] 'busy work'" of responding to RFAs that seek nothing more than "verification of language contained in authoritative documents"). Accordingly, the Court finds that the County properly objected to RFAs seeking "admissions" that authenticated documents contain specified quotations.

However, the Court finds that the County erred in objecting to RFA Nos. 3, 4 and 11 in their entirety. A party may not avoid responding to a request for admission "based on an overly-technical reading of the request." U.S. ex rel. Englund v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006); Marchand v. Mercy Medical Center, 22 F.3d 933, 936 (9th Cir. 1994) (parties responding to requests for admission "should focus on the goal of the Rules, full and efficient discovery, not evasion and word play"). "[I]t is not ground for objection that the request is 'ambiguous' unless so ambiguous that the responding party cannot,

11

in good faith, frame an intelligent reply. Parties should 'admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.'" Englund, 235 F.R.D. at 685 (quoting Marchand, 22 F.3d at 938). "For example, a party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation." Englund, 235 F.R.D. at 684 (citing Marchand, 22 F.3d at 938); see also Eichler v. Tilton, 2010 WL 3734023 at *6 (E.D. Cal. 2010) (approving responding party's alternate phrasing of admission where request was "vague and confusing").

RFA Nos. 3 and 4 provide:

> RFA No. 3: Do YOU admit that COLA [County of Los Angeles] has accepted the CCJV's FINAL REPORT as an official document of COLA?
>
> RFA No. 4: Do YOU admit that the FINAL REPORT is a public document of the COUNTY?

(Jt. Stip. at 9).

In the Joint Stipulation, the County objected to RFA No. 3 on the ground that the term "official" was vague and ambiguous, and to RFT No. 4 on the ground that the term "public" was vague and ambiguous. Plaintiffs have presented no evidence showing that they defined the phrases "official document" or "public document" in their Requests, or that these are terms of art used

by the County. However, the Court is not convinced that the County "cannot, in good faith, frame an intelligent reply" to these Requests, even if it must qualify its responses with an explanation. Englund, 235 F.R.D. at 685. Accordingly, Plaintiffs' motion to compel supplemental responses to RFA Nos. 3 and 4 is GRANTED.

Similarly, although RFA No. 11 may contain certain ambiguities, it appears possible to frame an intelligent reply with qualifications as necessary. That Request provides:

> RFA No. 11: Do YOU admit that YOU knew or should have known about the findings of the Kolt's [sic] Report regarding deputy groups which manifest any of the conduct which signifies gang-related activity?

(See Jt. Stip. at 26).

In the Joint Stipulation, the County asserted the same objections to RFA No. 11 that it asserted to the Requests seeking admission of the authenticity of quoted statements. (Id. at 27). Specifically, the County contended that Request No. 11 was "duplicative and unnecessary" because the County admitted the authenticity of the Kolts Report, and "misleading and deceptive" because the County feared that Plaintiffs would use an admission to argue the truth of the underlying findings and to establish the County's "knowledge of the report's findings and conclusions." (Id. at 27). The County's objections, while

13

perhaps appropriate when applied to Plaintiffs' "quotation" RFAs, are confusing when applied to RFA No. 11. Unlike the "quotation" RFAs, which seek only an admission that a particular document contains a particular sentence, RFA No. 11 can be construed, in part, to ask specifically for an admission that the County <u>knew</u> what the Kolts Report's findings were. Therefore, the fact that the County authenticated the Kolts Report is not, by itself, responsive to the RFA, and the objection that the RFA is "misleading" because an admission would be used to establish the County's "knowledge of the report's findings" is difficult to understand as that is apparently the very admission that the Request seeks. Accordingly, Plaintiffs' motion to compel a supplemental response to RFA No. 11 is GRANTED.

\\
\\
\\
\\
\\
\\
\\
\\
\\

# V.

# CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Determine the Sufficiency of County of Los Angeles's Responses to Plaintiffs' Amended Requests for Admission, construed as a motion to compel, is GRANTED IN PART and DENIED IN PART. The County shall serve supplemental responses admitting or denying RFA Nos. 3, 4 and 11, with qualifications only if necessary in good faith, within ten (10) days of the date of this Order. Plaintiffs' motion to compel supplemental responses to all of the other RFAs at issue is DENIED.

IT IS SO ORDERED.

DATED: July 14, 2014

                                                      /S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE