FILED
CLERK, U.S. DISTRICT COURT

JUL 2 8 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

*NOTE CHANGES MADE BY THE COURT*

1 | PAUL B. BEACH, State Bar No. 166265
2 | DENNIS M. GONZALES, Bar No. 59414
NATHAN A. OYSTER, State Bar No. 225307
3 | CHRISTOPHER T. KIM, State Bar No. 279214
LAWRENCE BEACH ALLEN & CHOI, PC
4 | 100 West Broadway, Suite 1200
Glendale, California 91210-1219
5 | Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

6 | Attorneys for Defendants
7 | COUNTY OF LOS ANGELES, PAUL TANAKA,
and NORMA SILVA

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  K.C.R., a minor child, et al. | ) Case No. CV 13-03806 PSG (SSx) |
| 12               Plaintiffs, | ) *consolidated with* |
| | ) Case No. CV 13-06461 PSG (SSx) |
| 13       vs. | ) Honorable Suzanne H. Segal |
| 14 | ) |
| 15  COUNTY OF LOS ANGELES, et al., | ) **[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION PRODUCED DURING DISCOVERY** |
| 16               Defendants. | ) |
| 17 | ) *[Stipulation filed concurrently herewith]* |
| 18 | ) |

19       Having reviewed and considered the Parties' Stipulation for Protective Order

20  Governing Confidential Information Produced During Discovery, good cause

21  showing therein, IT IS SO ORDERED:

22       1.    PURPOSES AND LIMITATIONS.

23       Disclosure and discovery activity in this action are likely to involve

24  production of confidential, proprietary, or private information for which special

25  protection from public disclosure and from use for any purpose other than

26  prosecuting this litigation may be warranted.  Accordingly, the Parties hereby

27  stipulate to and petition the court to enter the following Stipulated Protective Order.

28  The Parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file materials under seal.

2.    DEFINITIONS.

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    Confidential Information: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel: Counsel of Record (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.8    Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have

1  appeared in this action on behalf of that party or are affiliated with a law firm which
2  has appeared on behalf of that party.

3        2.9    Party:  any party to this action, including any agents,
4  representatives, consultants, retained experts, and Counsel of Record (and their
5  support staff).

6        2.10   Producing Party:  a Party or Non-Party that produces Disclosure
7  or Discovery Material in this action.

8        2.11   Professional Vendors:  persons or entities that provide litigation
9  support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or
10 demonstrations, and organizing, storing, or retrieving data in any form or medium)
11 and their employees and subcontractors.

12       2.12   Protected Material:  any Disclosure or Discovery Material that is
13 designated as "CONFIDENTIAL".

14       2.13   Receiving Party:  a Party that receives Disclosure or Discovery
15 Material from a Producing Party.

16   3.   SCOPE.

17       The protections conferred by this Stipulation and Order cover not only
18 Protected Material (as defined above), but also (1) any information copied or
19 extracted from Protected Material; (2) all copies, excerpts, summaries, or
20 compilations of Protected Material; and (3) any conversations, or presentations by
21 Parties or their Counsel that might reveal Protected Material. However, the
22 protections conferred by this Stipulation and Order do not cover the following
23 information: (a) any information that is in the public domain at the time of
24 disclosure to a Receiving Party or becomes part of the public domain after its
25 disclosure to a Receiving Party as a result of publication not involving a violation of
26 this Order, including becoming part of the public record through trial, motions,
27 depositions or otherwise; and (b) any information known to the Receiving Party
28 prior to the disclosure or obtained by the Receiving Party after the disclosure from a

1  source who obtained the information lawfully and under no obligation of
2  confidentiality to the Designating Party.  Any use of Protected Material at trial shall
3  be governed by a separate agreement or order.

4      4.    DURATION.

5      Even after final disposition of this litigation, the confidentiality obligations
6  imposed by this Order shall remain in effect until a Designating Party agrees
7  otherwise in writing or a court Order otherwise directs.  Final disposition shall be
8  deemed to be the later of (1) dismissal of all claims and defenses in this action, with
9  or without prejudice; and (2) final judgment herein after the completion and
10 exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
11 including the time limits for filing any motions or applications for extension of time
12 pursuant to applicable law.

13     5.    DESIGNATING PROTECTED MATERIAL.

14     5.1    Exercise of Restraint and Care in Designating Material for
15 Protection.  Each Party or Non-Party that designates information or items for
16 protection under this Order must take care to limit any such designation to specific
17 material that qualifies under the appropriate standards.  The Designating Party must
18 designate for protection only those parts of materials, documents, items, or oral or
19 written communications that qualify – so that other portions of the materials,
20 documents, items, or communications for which protection is not warranted are not
21 swept unjustifiably within the ambit of this Order.

22     Mass, indiscriminate, or routinized designations are prohibited.  Designations
23 that are shown to be clearly unjustified or that have been made for an improper
24 purpose (*e.g.*, to unnecessarily encumber or retard the case development process or
25 to impose unnecessary expenses and burdens on other parties) expose the
26 Designating Party to sanctions.

27 ///
28 ///

4

1    If it comes to a Designating Party's attention that information or items that it

2    designated for protection do not qualify for protection, that Designating Party must

3    promptly notify all other Parties that it is withdrawing the mistaken designation.

4    5.2    Manner and Timing of Designations.  Except as otherwise

5    provided in this Order (*see e.g.*, second paragraph of section 5.2(a) below), or as

6    otherwise stipulated between the Parties or ordered by the Court, Disclosure or

7    Discovery Material that qualifies for protection under this Order must be clearly so

8    designated before the material is disclosed or produced.

9    Designation in conformity with this Order requires:

10    (a)  for information in documentary form (*e.g.*, paper or electronic

11    documents, but excluding transcripts of depositions or other pretrial or trial

12    proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

13    page that contains protected material.  If only a portion or portions of the material

14    on a page qualifies for protection, the Producing Party also must clearly identify the

15    protected portion(s) (*e.g.*, by making appropriate markings in the margins).

16    A Party or Non-Party that makes original documents or materials available

17    for inspection need not designate them for protection until after the inspecting Party

18    has indicated which material it would like copied and produced.  During the

19    inspection and before the designation, all of the material made available for

20    inspection shall be deemed "CONFIDENTIAL".  After the inspecting Party has

21    identified the documents it wants copied and produced, the Producing Party must

22    determine which documents, or portions thereof, qualify for protection under this

23    Order.  Then, before producing the specified documents, the Producing Party must

24    affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

25    If only a portion or portions of the material on a page qualifies for protection, the

26    Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making

27    appropriate markings in the margins).

28    ///

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the

Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality pursuant to Local Rule 37 *et seq.* (and in compliance with Local Rule 79-5, if applicable) ~~within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier~~.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  ~~Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.~~  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

*[Handwritten margin annotations: "See L.R. 37." and initials "SHS"]*

1    The burden of persuasion in any such challenge proceeding shall be on the
2    Designating Party.  Frivolous challenges, and those made for an improper purpose
3    (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may
4    expose the Challenging Party to sanctions.  Unless the Designating Party has
5    waived the confidentiality designation by failing to file a motion to retain
6    confidentiality as described above, all parties shall continue to afford the material in
7    question the level of protection to which it is entitled under the Producing Party's
8    designation until the court rules on the challenge.

9         7.    ACCESS TO AND USE OF PROTECTED MATERIAL.

10        7.1    Basic Principles.  A Receiving Party may use Protected Material
11   that is disclosed or produced by another Party or by a Non-Party in connection with
12   this case only for prosecuting, defending, or attempting to settle this litigation.
13   Such Protected Material may be disclosed only to the categories of persons and
14   under the conditions described in this Order.  When the litigation has been
15   terminated, a Receiving Party must comply with the provisions of section 13 below
16   (FINAL DISPOSITION).

17        Protected Material must be stored and maintained by a Receiving Party at a
18   location and in a secure manner that ensures that access is limited to the persons
19   authorized under this Order.

20        7.2    Disclosure of "CONFIDENTIAL" Information.  Unless
21   otherwise ordered by the court or permitted in writing by the Designating Party, a
22   Receiving Party may disclose any information or item designated
23   "CONFIDENTIAL" only to:

24        (a) the Receiving Party's Counsel of Record in this action, as well as
25   employees of the Counsel of Record to whom it is reasonably necessary to disclose
26   the information for this litigation and who have signed the "Acknowledgment and
27   Agreement to Be Bound" that is attached hereto as Exhibit A;
28   ///

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

1       (c) cooperate with respect to all reasonable procedures sought to be pursued

2 by the Designating Party whose Protected Material may be affected.

3       If the Designating Party timely seeks a protective order, the Party served with

4 the subpoena or court order shall not produce any information designated in this

5 action as "CONFIDENTIAL" before a determination by the court from which the

6 subpoena or order issued, unless the Party has obtained the Designating Party's

7 permission. The Designating Party shall bear the burden and expense of seeking

8 protection in that court of its confidential material – and nothing in these provisions

9 should be construed as authorizing or encouraging a Receiving Party in this action

10 to disobey a lawful directive from another court.

11      9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

12 PRODUCED IN THIS LITIGATION.

13       (a) The terms of this Order are applicable to information produced by a Non-

14 Party in this action and designated as "CONFIDENTIAL". Such information

15 produced by Non-Parties in connection with this litigation is protected by the

16 remedies and relief provided by this Order. Nothing in these provisions should be

17 construed as prohibiting a Non-Party from seeking additional protections.

18       (b) In the event that a Party is required, by a valid discovery request, to

19 produce a Non-Party's confidential information in its possession, and the Party is

20 subject to an agreement with the Non-Party not to produce the Non-Party's

21 confidential information, then the Party shall:

22          (1) promptly notify in writing the Requesting Party and the Non-Party

23 that some or all of the information requested is subject to a confidentiality

24 agreement with a Non-Party;

25          (2) promptly provide the Non-Party with a copy of the Stipulated

26 Protective Order in this litigation, the relevant discovery request(s), and a

27 reasonably specific description of the information requested; and

28 ///

10

1             (3)  make the information requested available for inspection by the

2    Non-Party.

3          (c)  If the Non-Party fails to object or seek a protective order from this court

4    within 14 days of receiving the notice and accompanying information, the

5    Receiving Party may produce the Non-Party's confidential information responsive

6    to the discovery request.  If the Non-Party timely seeks a protective order, the

7    Receiving Party shall not produce any information in its possession or control that

8    is subject to the confidentiality agreement with the Non-Party before a

9    determination by the court.  Absent a court order to the contrary, the Non-Party

10   shall bear the burden and expense of seeking protection in this court of its Protected

11   Material.

12         10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

13         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14   Protected Material to any person or in any circumstance not authorized under this

15   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

16   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

17   to retrieve all unauthorized copies of the Protected Material, (c) inform the person

18   or persons to whom unauthorized disclosures were made of all the terms of this

19   Order, and (d) request such person or persons to execute the "Acknowledgment and

20   Agreement to Be Bound" that is attached hereto as Exhibit A.

21         11.    INADVERTENT PRODUCTION OF PRIVILEGED OR

22   OTHERWISE PROTECTED MATERIAL.

23         When a Producing Party gives notice to Receiving Parties that certain

24   inadvertently produced material is subject to a claim of privilege or other

25   protection, the obligations of the Receiving Parties are those set forth in Federal

26   Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d)

27   and (e), insofar as the parties reach an agreement on the effect of disclosure of a

28   communication or information covered by the attorney-client privilege or work

product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.   MISCELLANEOUS.

12.1   <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material.</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

## 13.   FINAL DISPOSITION.

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where

1  appropriate) all the Protected Material that was returned or destroyed and (2)

2  affirms that the Receiving Party has not retained any copies, abstracts,

3  compilations, summaries or any other format reproducing or capturing any of the

4  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

5  an archival copy of all pleadings, motion papers, trial, deposition, and hearing

6  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

7  reports, attorney work product, and consultant and expert work product, even if

8  such materials contain Protected Material.  Any such archival copies that contain or

9  constitute Protected Material remain subject to this Protective Order as set forth in

10  Section 4 (DURATION).

11

12  **IT IS SO ORDERED.**

13

14  DATED:  7/28/14

15  Honorable Suzanne H. Segal
    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of *K.C.R., et al. v. County of Los Angeles,*

*et al.*, Case No. 2:13-cv-03806-PSG-SS. I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14